United States District Court
Middle District of Florida
Jacksonville Division

TINA MANN,

       *Plaintiff,*

v.                                              No. 3:14-CV-325-J-34PDB

COMMISSIONER OF SOCIAL SECURITY,

       *Defendant.*

---

## Report and Recommendation

Before the Court in this case challenging the Social Security Administration's (SSA's) denial of Tina Mann's claim for benefits, Doc. 1, is the Commissioner of the Social Security Administration's ("Commissioner's") motion to dismiss or for summary judgment based on her failure to file the complaint within the 60-day period required by 42 U.S.C. § 405(g). Doc. 8. She responds that neither dismissal nor summary judgment is warranted because the circumstances surrounding the delay call for equitable tolling. Doc. 9. The Commissioner disagrees, contending that equitable tolling is unavailable because those circumstances are not extraordinary. Doc. 10. For the reasons below, summary judgment in favor of the Commissioner is warranted.

### I.    Undisputed Facts

The Commissioner relies on four exhibits attached to the motion to dismiss or for summary judgment. Docs. 8-1–8-4. Exhibit 1 is a declaration of Brad Wilder, a Chief of Court Case Preparation and Review for the SSA, setting forth pertinent dates

and the method of delivery of the Appeals Council's decision denying Ms. Mann's request to review the Administrative Law Judge's decision. Doc. 8-1. Exhibit 2 is a copy of the Administrative Law Judge's and the Appeals Council's decisions. Doc. 8-2. Exhibit 3 is a copy of a request from Ms. Mann's counsel to the Appeals Council for more time to file a complaint in federal court. Doc. 8-3. Exhibit 4 is a copy of the Appeals Council's denial of that request. Doc. 8-4. In her opposition to both dismissal and summary judgment, Ms. Mann asserts facts to explain the delay but does not include an affidavit or other supporting evidence. Doc. 9. She does not dispute the Commissioner's facts, *id.*, and the Commissioner does not dispute her facts, Doc. 10. Thus, the facts, summarized as follows, are undisputed.

An Administrative Law Judge denied Ms. Mann's claim for benefits. Doc. 8-1 at 3; Doc. 8-2 at 4–14. She asked the Appeals Council to review the denial, Doc. 8-1 at 3, and approximately 19 months later, on December 13, 2013, by United States mail, the Appeals Council sent her its decision denying her request, with a copy to her counsel, *id.*; Doc. 8-2 at 21–24.  The notice explained that she had 60 days to file a complaint in federal court to review the ALJ's decision, the 60-day period would start the day after she received the notice, and the Appeals Council would assume that she had received the notice within 5 days of its date unless she could show otherwise. *Id.* at 22. The notice added that if she had a good reason why she could not file a complaint in federal court within the 60-day period, she could ask the Appeals Council to extend it by submitting a written request that included the reason. *Id.*

"Due to an administrative error, instead of documenting that [Ms. Mann's] file was under appellate review, it was erroneously documented that [Ms. Mann's] appeal

to the Federal District Court had been filed. … This administrative error was not noticed until March 21, 2014." *Id.* Doc. 9 at 2–3. Thus, on March 21, 2014, her counsel asked the Appeals Council for more time to file a complaint in federal court. Doc. 8-3. In the request, her counsel asserted: "Due to circumstances beyond Ms. Mann's control, additional time was necessary in order to prepare and file her federal appeal," and contended that "refusal to permit additional time will cause great prejudice to Ms. Mann." *Id.* On the same day, March 21, 2014, she filed her complaint here. Doc. 1. The Appeals Council later denied her request for more time, explaining that she had not provided "sufficient reasons explaining the circumstances beyond [her] control that allegedly resulted in her late filing." Doc. 8-4.

## II.    Standard of Review

If, on a motion to dismiss, a party presents matters outside of the pleadings and the court does not exclude them, the court must treat the motion as one for summary judgment and give the parties a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d). Here, the United States has moved for dismissal or summary judgment, Doc. 8, and presented for the Court's consideration pertinent matters outside the complaint, Docs. 8-1–8-4, making summary judgment, as opposed to dismissal, warranted. Because the Commissioner's motion is alternatively for summary judgment (making conversion unnecessary), Doc. 8, because Ms. Mann has already responded to it as a summary judgment motion with asserted facts for her equitable-tolling request, Doc. 9, and because the Court may accept those facts as true for the purpose of deciding the Commissioner's motion, any additional notice and opportunity to respond is unnecessary.

3

A party may move for summary judgment, identifying each claim or defense on which it seeks summary judgment. Fed. R. Civ. P. 56(a). If a party fails to properly support a factual assertion or address another party's factual assertion with record materials, the court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court should state the reasons for granting or denying the motion. *Id.*

## III. Law

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Although the statute refers to the "mailing" of the notice, the SSA's regulations provide that the 60-day period begins the date the claimant receives notice of the Appeals Council's decision. 20 C.F.R. § 404.981. The 60-day requirement is not jurisdictional. *Bowen v. City of New York*. 476 U.S. 467, 478 (1986); *Stone v. Heckler*, 778 F.2d 645, 649 n.7 (11th Cir. 1985). But because the 60-day requirement is a condition on the waiver of sovereign immunity, a Court must strictly construe it. *Bowen*, 476 U.S. at 479.

Courts may equitably toll the 60-day period, *id.* at 480, but only if the claimant "justif[ies] her untimely filing by a showing of extraordinary circumstances," *Jackson v. Astrue*, 506 F.3d 1349, 1354 (11th Cir. 2007). That standard is more demanding

than the good-cause standard, requiring things such as "fraud, misinformation, or deliberate concealment." *Jackson*, 506 F.3d at 1355–56. Thus, for example, the Eleventh Circuit Court of Appeals has held that extraordinary circumstances were not present where a pro se plaintiff with linguistic challenges filed her complaint in the wrong court, *id.* at 1356–57, a pro se plaintiff alleged that he was unable to act due to mental illness, *Waller v. Comm'r of Soc. Sec.*, 168 F. App'x 919, 921 (11th Cir. 2006), and a pro se plaintiff belatedly filed a complaint after the court had dismissed a timely complaint without prejudice, *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 583 (11th Cir. 2012).

In the habeas context, the Supreme Court has explained that "a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *See Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (internal quotations and citations omitted). In accord with that holding, and most analogous here, the Eleventh Circuit has held in the social-security context that extraordinary circumstances were not present where the claimant's lawyer miscalculated the filing deadline even though the claimant had waited almost seven years for the SSA to adjudicate her claim, the claimant was precluded from filing a new administrative claim during that period, and allowing her claim to proceed would not prejudice the Commissioner. *Collier-Fluellen v. Comm'r of Soc. Sec.*, 408 F. App'x 330, 330 (11th Cir. 2011).

## IV.   Analysis

Ms. Mann's 60-day period for filing this case expired on **February 18, 2014** (60 days from the Appeals Council's notice dated December 13, 2013, plus 5 mailing

days, plus 1 federal holiday (President's Day)). Yet she did not file the complaint until a month later, on **March 21, 2014**. Doc. 1. She concedes that her complaint was late, Doc. 9 at 3; thus, the only issue on summary judgment is whether she has presented extraordinary circumstances necessary to equitably toll the 60-day period.

At the outset, the Court observes that the reason that Ms. Mann's counsel had given to the Appeals Council for needing more time to file a complaint in federal court ("to prepare and file her federal appeal," Doc. 8-3) differs from the reason that she now gives to this Court for equitable tolling ("[d]ue to an administrative error," Doc. 9 at 2) and is undermined by the brevity and form nature of the complaint, *see* Doc. 1. The Commissioner bases the SSA's argument against equitable tolling on her most recent explanation for the delay. Doc. 10.

Ms. Mann prudently does not argue that her counsel's "administrative error" constitutes extraordinary circumstances, *see generally* Doc. 9 at 3–5; any such argument would fail given that a lawyer's or law firm's administrative error is just a "garden variety claim of excusable neglect," *see Holland*, 560 U.S. at 651–52 (quoted). Rather, she contends she has shown extraordinary circumstances based on (1) Social Security Ruling 11-1p, which required her to choose between filing a new benefits application or appealing the ALJ's decision to the Appeals Council and "forced her to give up her entitlement to certain past due benefits to which she might have become entitled" during the 19-month period that she waited for an Appeals Council decision; (2) the absence of any prejudice to the SSA if she is allowed to proceed; and (3) prejudice to her if she is not. Doc. 9 at 4–5.

Whether considered individually or together, those are not extraordinary circumstances. First, because Social Security Ruling 11-1p applies to all claimants, and Ms. Mann has not shown that a 19-month-wait period is unique for an agency with an extremely large caseload, there is nothing extraordinary about either. Her observation that none of the equitable-tolling cases cited by the Commissioner predate the issuance of Social Security Ruling 11-1p is for naught; the ruling does not serve to abrogate long-standing equitable-tolling jurisprudence or itself create per se extraordinary circumstances for all claimants who request Appeals Council review and then await a review decision. Furthermore, contrary to her contention that Social Security Ruling 11-1p "forced" her to give up "entitlement" to past-due benefits that she might have received after a decision on a new benefits application, Doc. 9 at 4, the ruling merely required her to wait to file the new benefits application—which may or may not result in a past-benefits award—to justifiably avoid parallel agency proceedings.

Second, the asserted absence of prejudice to the SSA "is not an independent basis for invoking [equitable tolling] and sanctioning deviations from established procedures." *See Baldwin Cnty. Welcome Cntr. v. Brown*, 466 U.S. 147, 152 (1984) (quoted); *see also Collier-Fluellen*, 408 F. App'x at 330 ("[The claimant] further points out that allowing her claim to proceed on the merits would not prejudice the Commissioner. However, it is undisputed that the reason why [her] complaint was not timely filed was because her attorney miscalculated the filing deadline. Unfortunately, such negligence on the part of her attorney does not constitute an extraordinary circumstance."). In any event, as the SSA observes, it would suffer

7

prejudice if courts equitably toll the 60-day period whenever a claimant is subject to the requirements of Social Security Ruling 11-1p and awaits an Appeals Council decision because doing so would render the 60-day period meaningless in all such cases. The 60-day period is the "mechanism" by which cases move "to a speedy resolution in a bureaucracy that processes millions of claims annually," *Bowen*, 476 U.S. at 481, and evisceration of that deadline through the application of equitable tolling in ordinary cases could "create havoc in the system," *see Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoted).

Third, that Ms. Mann would suffer prejudice if the 60-day period is not equitably tolled (the dismissal of this case) does not constitute an exceptional circumstance; that circumstance is present in every case in which the 60-day period is not equitably tolled.

## V.    Recommendation

Thus, based on the undisputed facts presented by the Commissioner and Ms. Mann, Ms. Mann has not shown extraordinary circumstances necessary to equitably toll the 60-day period and allow her untimely complaint to proceed. I therefore recommend granting the Commissioner's motion for summary judgment and entering the following decretal:

(1)    The Commissioner's motion for summary judgment (as an alternative to dismissal), Doc. 8, is **granted**.

(2)    The **Clerk of Court** is directed to enter final judgment in favor of the defendant, the Commissioner of the Social Security

Administration, and against the plaintiff, Tina Mann, and then close the case.*

**Entered** in Jacksonville, Florida, on October 16, 2014.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record

---

*Either party may file and serve specific written objections to this report and recommendation within 14 days of service. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 6.02(a). Failure to do so may alter the scope of direct and appellate review. *See* Fed. R. Civ. P. 72(b)(3); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).